IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ARMANDO MARTIN FRANCISCO,

    Petitioner,

v.                                     1:26-cv-01392-KG-JFR

TODD BLANCHE, et al.,

    Respondents.

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Armando Martin Francisco's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 8. Doc. 1. Petitioner also moves for a Temporary Restraining Order ("TRO"), Doc. 3. Because Petitioner presents a purely legal question, the Court declines to hold a hearing, *see* 28 U.S.C. § 2243, and orders his immediate release. The Court denies the motion for a TRO, Doc. 3, as moot.[1]

## I.    *Background*

Petitioner, a 47-year-old citizen and national of Guatemala, entered the United States without inspection or parole in 2000. Doc. 1 at 9; Doc. 1-1 at 108. Prior to his detention, he worked in landscaping to provide for his seven children, including his young daughter with down syndrome. Doc. 1 at 9.

In September 2025, Immigration and Customs Enforcement ("ICE") agents arrested Petitioner when he was at a local police station attempting to obtain documents in compliance with

---

[1] Petitioner also moves for default judgment, arguing that the Government failed to timely respond to his request for a TRO. *See* Doc. 6. The Court agrees that the Government's May 20, 2026, response was untimely and therefore did not comply with the Court's Order to Respond, Doc. 4. Nevertheless, because the Court grants Petitioner the relief sought, the motion for default judgment, Doc. 6, is denied as moot. The Court reminds the Government of its obligation to comply with future deadlines.

an ICE directive.  *Id.*  He remains detained at the Torrance County Detention Center in New Mexico

and has not received a bond hearing.  *Id.* at 2, 10.

In February 2026, the Department of Homeland Security ("DHS") served Petitioner with a

Notice to Appear, charging him as inadmissible, thereby initiating removal proceedings.  Doc. 1-1

at 108–09.

Petitioner argues that his detention without a bond hearing violates the Fifth Amendment's

Due Process Clause and the Immigration and Nationality Act ("INA").  Doc. 1 at 14–16.  The

Government opposes the Petition.  *See* Doc. 8.

## II.    *Standard of Review*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement."

*Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is

"in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

§ 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    *Analysis*

The Court concludes that (A) Petitioner's detention violates the INA, (B) Petitioner's

detention violates the Due Process Clause of the Fifth Amendment, and (C) release is warranted.

### A.    *Petitioner's detention violates the INA.*

The INA establishes distinct detention regimes depending on whether a noncitizen is

"seeking admission" to the United States.  *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018).

First, 8 U.S.C. § 1225 governs noncitizens detained at a port of entry or shortly after entry, who are

treated as "[noncitizens] seeking admission into the country."  *Dep't of Homeland Sec. v.*

*Thuraissigiam*, 591 U.S. 103, 140 (2020).  Absent exceptions irrelevant here, § 1225 "mandates

detention and affords no bond hearing."  *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1

(D.N.M.).

By contrast, 8 U.S.C. § 1226(a) sets forth "the default rule" for detaining noncitizens "already in the country." *Jennings*, 583 U.S. at 303. Section 1226(a) authorizes the arrest and detention of noncitizens, "on a warrant issued by the Attorney General...pending a decision on whether [they are] to be removed." Under federal regulations, a noncitizen detained under § 1226(a) is entitled to an individualized bond hearing at the "outset of detention." *Jennings*, 583 U.S. at 306.

Consistent with majority of district courts to consider the issue, the Court concludes that § 1226(a) governs here.[2] *See Barco Mercado v. Francis*, 2025 WL 3295903, at *13 (S.D.N.Y.) (collecting 362 district-court opinions nationwide and noting that challengers prevailed in at least 350 of them, in decisions by over 160 judges across fifty courts). Petitioner has resided in the United States for 25 years, and DHS initiated standard removal proceedings against him under 8 U.S.C. § 1229a. *Id.*; *see also* Doc. 1-1 at 108–09. Until the agency completes that process, there has been no final determination "whether [Petitioner] is to be removed," and detention remains governed by § 1226(a). *See Jennings*, 583 U.S. at 303.

Moreover, this Court's prior decisions support the same conclusion. The Government concedes that the material facts here are "substantially similar" to those in *Patel v. Noem*, 2026 WL 103163 (D.N.M.), in which the Court concluded that § 1226 governs. Doc. 8 at 2. The Court has reached the same conclusion in numerous similar cases. *See, e.g.*, *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *3 (D.N.M.); *Arroyo Lopez v. Noem*, 2026 WL 776332, at *3 (D.N.M.);

---

[2] The Second Circuit has held that individuals like Petitioner are entitled to a bond hearing under 8 U.S.C. § 1226(a). *See Cunha v. Freden*, --- F.4th ----, 2026 WL 1146044 (2d Cir. 2026). The Fifth and Eighth Circuits have reached the opposite conclusion. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). The Tenth Circuit has not yet addressed the question.

*Aguilar v. Lyons*, 2026 WL 851237, at *2 (D.N.M.). Because the Government offers no new basis for Petitioner's continued detention, Petitioner is entitled to relief.

### B. Petitioner's detention violates the Due Process Clause.

The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Zadvydas*, 533 U.S. at 693. The Government's power to admit or exclude aliens is no longer plenary once an alien enters the country, because the Due Process Clause applies to "all persons." *Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("Once an alien gains admission to our country and begins to develop the ties that go with permanent residence his constitutional status changes accordingly."). Because § 1226(a) is controlling here, Petitioner "is entitled—as a right—to an individualized bond hearing." *Cortez-Gonzalez v. Noem*, 2025 WL 3485771, at *5 (D.N.M.). His continued detention without such review "constitutes an ongoing violation of [his] right to due process." *Id.*

### C. The proper remedy is release.

The Court next considers the appropriate remedy. Federal courts are authorized under § 2243 to "dispose of [a habeas petition] as law and justice require" and possess broad discretion to fashion appropriate relief. *Clayton v. Jones*, 700 F.3d 435, 443 (10th Cir. 2012); *see also Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (noting that a federal court "possesses power to grant *any form of relief necessary* to satisfy the requirement of justice") (emphasis in original). Given the Government's conduct here, release is warranted. *See Singh v. Carnes*, 2026 WL 446579, at *1 (D.N.M.) (ordering release where the Government "failed to articulate a legitimate interest in

4

Petitioner's continued detention"); *Palomeque-Carrion v. Bondi*, 2026 WL 895567, at *2 (D.N.M.) (same).

### IV.   *Conclusion*

For the reasons above, the Court orders that:

1. The Petition for Writ of Habeas Corpus, Doc. 1, is granted.  The Government shall release Petitioner within 24 hours of this Order.  The Government shall not impose any new conditions of release beyond those in place prior to Petitioner's detention.

2. Unless an immigration judge issues a final order of removal, the Government is enjoined from redetaining Petitioner absent a predetention hearing at which the Government must establish, by clear and convincing evidence, that Petitioner poses a danger or flight risk.

3. The Government shall file a status report within 10 business days of this Order certifying compliance.

4. Petitioner's Motion for a TRO, Doc. 3, and Motion for Default Judgment, Doc. 6, are denied as moot.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.  Electronically filed documents can be found on the Court's PACER public access system.